1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**KEILA MALDONADO, et al.,**

**Plaintiffs,**

 **v.**                                                       **Civil No. 11-2047 (GAG)**

**GABRIEL PLAZA-BATISTINI, et al.,**

**Defendants.**

10                                          <u>**ORDER**</u>

11      Presently before the court is Defendants' motion for reconsideration (Docket No. 29) of the

12   court's order granting Plaintiffs' motion for summary judgment (Docket No. 28).  For the foregoing

13   reasons, Defendants' motion is **DENIED**.

14       Local Rule 56(c) requires a party opposing a motion for summary judgment submit with its

15   opposition a separate statement of material facts admitting, denying or qualifying the facts

16   supporting the motion for summary judgment by reference to each numbered paragraph of the

17   moving party's statement of material facts.  <u>See</u> Local Rule 56(c).  The opposing statement may

18   contain, in a separate section, additional facts that are supported by the record and accompanied by

19   a record citation as required by Local Rule 56(e).  <u>See id.</u>  Pursuant to Local Rule 56(e), "the court

20   may disregard any statement of fact not supported by a specific citation to record material properly

21   considered on summary judgment."  Local Rule 56(e).  "A party asserting that a fact cannot be or

22   is genuinely disputed must support the assertion by citing to particular parts of materials in the

23   record, including deposition, documents, electronically stored information, affidavits or declarations,

24   stipulations . . . admissions, interrogatory answers, or other materials."  FED.R.CIV.P. 56(c)(1)(A).

25   "If a party fails to properly support an assertion of fact or fails to properly address another party's

26   assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and

27   supporting materials –including the facts considered undisputed– show that the movant is entitled

28   to it."  FED.R.CIV.P. 56(e)(3).

**Civil No. 11-2047 (GAG)**                                    2

1      In the instant case, Defendants opposed summary judgment (Docket No. 23) and filed a

2  statement of uncontested material facts, which included an additional section titled "Statement of

3  Material Facts Which are in Controversy" (Docket No. 24).  Defendants exclusively cite their answer

4  to the complaint in support of their proposed statement of fact.  (See Docket No. 24 at 2 ¶¶ 1 & 2.)

5  Said documentation is insufficient for purposes of summary judgment.  Defendants' answer to the

6  complaint, as the only document of record opposing Plaintiffs' motion for summary judgment, has

7  failed to contest the facts established by Plaintiffs "because said filings do not provide the basis for

8  Defendants' knowledge on these issues, aside from mere conjecture and unsupported speculation."

9  Hodge v. Roblex Aviation, Inc., Civil No. 09-1445 (SEC), 2010 WL 2852854 at *3 (D.P.R. July 20,

10  2010).  Because the statements contained in Defendants' opposition to summary judgment were only

11  supported with citations to Defendants' answer to the complaint, they were disregarded by the court

12  when ruling on the motion for summary judgment at Docket No. 17.

13

14      **SO ORDERED**.

15      In San Juan, Puerto Rico this 14th day of May, 2012.

16                                                   *S/Gustavo A. Gelpí*
                                                     GUSTAVO A. GELPÍ
17                                                   United States District Judge

18

19

20

21

22

23

24

25

26

27

28